IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
MAR 2 2 2006
..., U.S. B......Y COURT
WEST. DIST. OF PENNSYLVANIA

IN RE:

MICHAEL J. WEBER
and PATTI WEBER,
    *Debtor(s)*

Case No. 02-32390/TPA
Chapter 13

RONDA J. WINNECOUR,
Standing Chapter 13 Trustee,
    *Plaintiff,*

File at: J

Adversary Number 05-2900/TPA

v.

ROBIN L. MUSHER a/k/a
ROBIN L. GRASSEL, ROBIN L.
GRASSEL, LLC and CITIZENS
BANK OF PENNSYLVANIA,
    *Defendants.*

Also related to Misc. No. 05-202/TPA

## MEMORANDUM ORDER

By Order of Court dated September 8, 2005, (Document No. 28) the Plaintiff in the above matter, Ronda J. Winnecour, was appointed to act as Trustee of a certain, unnamed Trust created for the ultimate receipt of funds accumulating in an "escrow account" created by prior Court Order dated August 11, 2005 (Document No. 21). The terms of said Trust and disposition of trust assets were made specifically subject to subsequent Court order.

The funding of the escrow account arose from the accumulation of previously approved "distributions" to Robin L. Musher a/k/a Robin L. Grassel and/or Robin L. Grassel LLC,

1

a defendant in the within Adversary, to be held by Plaintiff Winnecour "until further Order of Court." These "distributions" represent attorneys fees and/or costs approved by prior Court Orders, or by Local Rule, in Chapter 13 cases pending in this Court in which Defendant Musher was previously attorney of record and therefore entitled to payment of attorneys fees, over time, during the pendency of the specific Chapter 13 case. The August 11, 2005 Order originally directed Plaintiff Winnecour to "freeze distributions" to Defendant Musher and "to establish an escrow account for the preservation of funds for payment of the recovery requested by Trustee Winnecour" in the above-captioned adversary proceeding.

The Trust created as a result of the September 8, 2005 Order, owed its existence to the "compelling need for the preservation of funds for payment (upon proper application to this Court) of the expense of substitute legal representation to any Chapter 13 debtors whose representation by (Defendant Musher) becomes impaired as a result of the circumstances described" in the September 8, 2005 Order. By the express terms of the September 8, 2005 Order, all funds currently held in the escrow account established pursuant to the August 11, 2005 Order, and any and all similar funds to be paid to Defendant Musher in the future "to the extent payments are to fund distribution of Chapter 13 attorneys fees" to Defendant Musher, were to be held in trust by Plaintiff Winnecour. The Trust "corpus", and any resulting income, were specifically insulated from the claims of any third parties against Defendant Musher.

At a hearing on March 20, 2006 in matters related to the foregoing, this Court was informed that there currently exists in excess of $53,000 in the "escrow account" established by the August 11, 2005 Order. Furthermore, it is apparent to the Court that the scope and breadth of the

2

trust "purpose" as created by the September 8, 2005 Order must necessarily be enlarged as a result of matters coming to the Court's attention since the entry of the September 8, 2005 Order.

AND NOW, this *21st* day of *March, 2005*, it is hereby **ORDERED, ADJUDGED and DECREED** that the Trust created by Order of Court dated September 8, 2005 shall hereafter be referred to as the "Trust Imposed on Designated Funds pursuant to Court Order dated September 8, 2005 in the matter of *Michael J. Weber, et ux*, Bankruptcy Case No. 02-32390, Ronda J. Winnecour, Court Appointed Administrator, Trustee" ("Trust".)

It is **FURTHER ORDERED** that the Chapter 13 Trustee is hereby directed to immediately transfer to the Trust all funds "frozen" by Order of Court dated August 11, 2005 (Document No. 21) and currently held by her in the approximate amount of $53,000.

It is **FURTHER ORDERED** that, on a continuing basis, any "distributions" previously intended to be frozen by the Order of Court dated August 11, 2005 and held by the Chapter 13 Trustee in the escrow account created by said Order, are, from the date of this Order forward, to be paid directly to the Trust. The Chapter 13 Trustee will continue to make said transfers until further order of Court.

It is **FURTHER ORDERED** that *on or before April 4, 2006*, for the period ending March 31, 2006, the Chapter 13 Trustee shall file with the Court an accounting of the source of all funds transferred to the Trust, including identification of the case name, number, date and document number of the Order awarding fees and costs (or, if approved by Local Rule, so indicated), the

amount of attorneys fees/costs awarded and the date said funds were transferred to the escrow account and/or ultimately to the Trust, as well as any other information deemed appropriate by Trustee. The Chapter 13 Trustee shall thereafter, beginning on July 15, 2006 for the period ending June 30, 2006, file quarterly status reports reflecting the future transfer of similar funds with similar information as to the source of said funds.

It is **FURTHER ORDERED** that, although the purpose of the Trust shall remain primarily for the benefit of compensating those attorneys completing work on cases in which Defendant Musher previously appeared, the Trust "corpus", and any accumulated income, while continuing to be insulated from the claims of third parties, shall also be for the purpose of compensating/ reimbursing parties suffering a loss, expense or cost as a result of the intentional misconduct of Defendant Musher in the proper performance of her duties as counsel of record in the various cases in which she previously appeared before this Court, but only after further Order of this Court, following motion, notice and hearing.

It is **FURTHER ORDERED** that all future filings by Plaintiff Winnecour and other parties related to the matters addressed by this Order and the Orders of August 11, 2005 and September 8, 2005, respectively, shall be filed at "Misc. No. 05-202". In the event of such filing, regardless of her capacity as Chapter 13 Trustee or as Trustee of the Trust identified herein, Plaintiff Winnecour, in her capacity as plaintiff or movant, shall file all subsequent pleadings under the sub-caption of "Ronda J. Winnecour, Trustee of the Trust Imposed at Case No. 02-32390-TPA" versus the appropriate party.

4

It is **FURTHER ORDERED** that this Court retains jurisdiction over all matters pertaining to the Trust, including the authority vested in it by the September 8, 2005 Order, and that no distributions from the Trust shall be made unless and upon further order of this Court after motion, notice and hearing.

_____
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to mail to:

    All Judges
    Ronda J. Winnecour, Ch.13 Trustee

    John E. Quinn, Esq.
    Evans, Portnoy & Quinn
    One Oxford Centre, 36th Floor
    301 Grant Street
    Pittsburgh, PA 15219-6401

    Gary H. Simone, Esq.
    Suite 208, 101 E. Diamond Street
    Butler, PA 16001

    Thomas E. Reilly, Esq.
    Thomas E. Reilly, P.C.
    2025 Greentree Road
    Pittsburgh, PA 15220

    Joseph S. Sisca, Esq.
    Office of the U.S. Trustee
    Suite 970 Liberty Center
    1001 Liberty Avenue
    Pittsburgh, PA 15222